**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Aguilar*, Slip Opinion No. 2025-Ohio-2951.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2951

IN RE APPLICATION OF AGUILAR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Aguilar*, Slip Opinion No. 2025-Ohio-2951.]**

*Attorneys—Character and fitness—Gov.Bar R. I(11)—Application for admission to practice of law in Ohio by transferred Uniform Bar Exam score—Gov.Bar R. I(13)(D)(5)(a) and I(14)—Juvenile adjudication reviewed—Applicant's character, fitness, and moral qualifications for admission to practice of law in Ohio approved.*

(No. 2025-0405—Submitted May 13, 2025—Decided August 21, 2025.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 908.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Applicant, Patrick James Aguilar, of Columbus, Ohio, is a 2022 graduate of Baylor University Law School. He applied to take the Uniform Bar Exam ("UBE") in Texas and sat for the exam in February 2023. He was admitted to the Texas bar in July 2023. That same month, he applied for admission to the practice of law in Ohio by transferred UBE score in accordance with Gov.Bar R. I(11).

{¶ 2} Two members of the Cleveland Metropolitan Bar Association Admissions Committee interviewed Aguilar and the committee issued a final report recommending approval of his character, fitness, and moral qualifications to practice law in Ohio. However, because Aguilar had been adjudicated a delinquent child for conduct that would be a felony if committed by an adult, his application was submitted to the Board of Commissioners on Character and Fitness for review in accordance with Gov.Bar R. I(13)(D)(5)(a) and I(14).

{¶ 3} In January 2025, a three-member panel of the board conducted a hearing, in which Aguilar testified about the incident in his juvenile record that occurred when he was 16 years old and a separate citation he received when he was in college for a noise violation arising from a party at a house that he shared with three roommates. In the former matter, the juvenile court placed Aguilar on a period of house arrest and a period of nonreporting probation, and in the latter, he paid a fine. According to Aguilar, his juvenile adjudication was later sealed and expunged. Aguilar explained that he disclosed his juvenile adjudication on his application for admission to the Texas bar but that in Texas, there was an additional layer of review only for incidents that happened within ten years of the application. Once he realized that the Ohio admissions process would be more intensive than the Texas process, he informed his employer of his juvenile adjudication. The firm continued to support his application for admission.

{¶ 4} The panel issued a report finding that Aguilar was honest, genuine, and forthcoming in his testimony about both incidents. Not only did he take full responsibility for his actions, but he also expressed extreme remorse for his conduct in both situations. In March 2025, the board unanimously adopted the panel's report and recommended that we approve Aguilar's character, fitness, and moral qualifications to practice law.

{¶ 5} An applicant to the Ohio bar must "prove by clear and convincing evidence that [he or she] possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(13)(D)(1). The applicant's record of conduct must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(13)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 6} In determining whether the record demonstrates such a deficiency, we consider a number of factors, including whether the applicant has committed or been convicted of a crime; whether the applicant has exhibited a pattern of disregard of the laws of this State, another state, or the United States; whether the applicant failed to provide complete and accurate information regarding his or her past; whether the applicant made any false statements, including omissions; and, if the applicant has been convicted of a felony or adjudicated a delinquent child for conduct that would be a felony if committed by an adult, the amount of time that has passed since such conviction or adjudication. *See* Gov.Bar R. I(13)(D)(3)(a) and (e) through (g) and I(13)(D)(5)(a)(i).

{¶ 7} On consideration of the record and the applicable rules, we agree with the board that Aguilar has met his burden of proving that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice

of law. Accordingly, we adopt the board's report and approve Aguilar's character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

––––––––––––––––––

Coughlan Law Firm, L.L.C., and Jonathan E. Coughlan, for applicant.

Kirner & Boldt, Co., L.P.A., and Karyn M. Washington, for the Cleveland Metropolitan Bar Association.

––––––––––––––––––